██ WELLS FARGO HOME MORTGAGE, INC., Respondent, v ANDREA MERCER, Respondent, et al., Defendants. SHAMEENA CHOWDURY, Nonparty Appellant; ROBERT SGARLATO, Nonparty Respondent. [829 NYS2d 123]—

In an action to foreclose a mortgage, Shameena Chowdury appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated May 24, 2004, which denied his motion to compel the referee Robert Sgarlato to close title to the subject property with him based on the terms of a memorandum of sale he entered into with the referee. Presiding Justice Prudenti has been substituted for former Justice Luciano (22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

Shameena Chowdury, the nonparty appellant, made the highest bid at a foreclosure sale held on November 19, 2003, tendered 10% of the successful bid, and allegedly entered into a memorandum of sale with the referee. Because of circumstances not relevant to our determination here, the deed was not delivered. In April 2004 Chowdury moved to compel the referee to close title to the subject property with him based on the terms of the memorandum of sale. The Supreme Court denied the motion, finding Chowdury guilty of laches. We affirm, but on a different ground.

In his motion, Chowdury sought to compel the referee to "close . . . based upon the terms of sale signed by the referee and the bidder." Chowdury did not, however, annex a copy of that document to his motion. While the affirmation of Chowdury's attorney referred to a "memorandum of sale" attached as "Exhibit C," the "memorandum of sale" was not included behind that exhibit tab or anywhere else in the motion papers. Consequently, Chowdury's motion omitted a document necessary to the determination of the motion (*see e.g. Alizio v Perpignano*, 225 AD2d 723, 724-725 [1996]; *cf. Sheedy v Pataki*, 236 AD2d 92, 97-98 [1997]). Prudenti, P.J., Crane, Skelos and Lifson, JJ., concur.