Wilmington Trust, N.A. v Pape (2021 NY Slip Op 08278)





Wilmington Trust, N.A. v Pape


2021 NY Slip Op 08278


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-03717
 (Index No. 606468/15)

[*1]Wilmington Trust, National Association, etc., respondent, 
v
Christopher Pape, et al, defendants, 134 Eel Pot Alley, LLC, appellant.


Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman and Naomi Trainer of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant 134 Eel Pot Alley, LLC, appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered December 31, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated March 29, 2019, inter alia, denying that branch of the motion of the defendant 134 Eel Pot Alley, LLC, which was pursuant to CPLR 3012(d) for leave to interpose a late answer, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law and in the exercise of discretion, with costs, that branch of the motion of the defendant 134 Eel Pot Alley, LLC, which was pursuant to CPLR 3012(d) for leave to interpose a late answer is granted, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated March 29, 2019, is modified accordingly.
On June 19, 2015, the plaintiff commenced this action to foreclose a consolidated mortgage in the sum of $740,000 on certain real property owned by the defendant 134 Eel Pot Alley, LLC (hereinafter the defendant). On July 31, 2015, the plaintiff purportedly effected service upon the defendant by serving the summons and complaint on the Secretary of State.
Thereafter, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction due to allegedly improper service. On January 29, 2016, the plaintiff re-served the defendant by serving the summons and complaint on the defendant's authorized agent for service of process. In an order dated May 2, 2016, the Supreme Court denied the defendant's motion without prejudice for failure to submit adequate papers, with leave to resubmit. The defendant then refiled its motion to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction. In an order dated February 1, 2017, the court denied that motion on the ground that service was properly effected on January 29, 2016. The defendant filed a notice of entry of that order on February 21, 2017. On March 7, 2017, the [*2]defendant filed a verified answer, which was rejected as untimely by the plaintiff.
In April 2017, the defendant moved pursuant to CPLR 3012(d) for leave to interpose a late answer and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred. In support of that motion, the defendant asserted that pursuant to CPLR 3211(f), its time to file an answer was tolled until March 3, 2017, 10 days from the entry of the order dated February 1, 2017, which was entered on February 21, 2017. In a supporting affidavit, the defendant's attorney averred that the 4-day lapse from the deadline of March 3, 2017, to file an answer resulted from an "oversight" by her due to her failure to calendar the 10-day deadline following the filing of the notice of entry of the order dated February 1, 2017. In an order dated March 29, 2019, the Supreme Court, among other things, denied that branch of the defendant's motion which was for leave to interpose a late answer. On December 31, 2019, the court entered an order and judgment of foreclosure and sale, inter alia, directing a sale of the subject property. The defendant appeals.
"'[A] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action'" (Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655, quoting Bank of Am., N.A. v Viener, 172 AD3d 795, 796). "The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court" (Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 614).
Here, the Supreme Court improvidently exercised its discretion in rejecting the defendant's proffered excuse of law office failure, since the defendant's attorney set forth a credible explanation for her brief delay of four days in filing the defendant's answer, which resulted from her inadvertent failure to calendar the deadline for such filing (see King v Dobriner, 106 AD3d 1053, 1054; People's United Bank v Latini Tuxedo Mgt., LLC, 95 AD3d 1285, 1286; Montefiore Med. Ctr. v Hartford Acc. & Indem. Co., 37 AD3d 673, 673). Further, the defendant demonstrated that it had a potentially meritorious defense to the action based upon the expiration of the statute of limitations. Moreover, in light of the strong public policy that actions be resolved on their merits, the defendant's lack of willfulness, and the absence of prejudice to the plaintiff resulting from the brief delay, the court should have granted that branch of the defendant's motion which was for leave to interpose a late answer (see Westchester Med. Ctr. v Allstate Ins. Co., 80 AD3d 695, 697; Perez v Travco Ins. Co., 44 AD3d 738, 739).
The plaintiff's remaining contention is without merit.
DILLON, J.P., HINDS-RADIX, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court