HSBC Bank USA, N.A. v King (2021 NY Slip Op 02137)





HSBC Bank USA, N.A. v King


2021 NY Slip Op 02137


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-05434
 (Index No. 1658/17)

[*1]HSBC Bank USA, N.A., respondent,
v
Lise King, etc., et al., appellants, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY, for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Jordan J. Manfro of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lise King and Jeff King appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated February 6, 2018. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 23, 2017, the plaintiff commenced the instant action to foreclose a mortgage against the appellants, among others. The appellants interposed an answer in which they asserted, inter alia, as an affirmative defense, that the action was barred by the statute of limitations. Subsequently, the appellants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. In support of their contention that the action was time-barred, the appellants purportedly annexed to their motion, as Exhibit JJ, a default notice letter, dated January 21, 2010, that, according to the appellants, accelerated the debt. The letter allegedly stated, inter alia, that "[i]f you do not cure this default within the specified time period, your obligation for payment of the entire unpaid balance of the loan will be accelerated and become due and payable immediately." The Supreme Court denied that branch of the motion, finding that the appellants' reliance upon the "alleged 1/21/10 letter from the plaintiff to establish acceleration of the debt as of that date is misplaced since their motion is devoid of the purported exhibit (JJ)." This appeal ensued.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). "'On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired'" (U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627-628, quoting Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197). "'If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (U.S. Bank N.A. v Vitolo, 182 AD3d at 628, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
With respect to a mortgage debt payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030; U.S. Bank N.A. v Joseph, 159 AD3d 968, 970). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Milone v US Bank N.A., 164 AD3d 145, 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970). An acceleration of a mortgage debt may occur by means of acceleration notice transmitted to the borrower by the creditor, though to be effective, the acceleration notice to the borrower must be clear and unequivocal (see U.S. Bank N.A. v Vitolo, 182 AD3d at 628; Milone v US Bank N.A., 164 AD3d at 152; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Sarva v Chakravorty, 34 AD3d 438, 439). A "letter discussing acceleration as a possible future event, . . . does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475). Alternatively, acceleration can occur "when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Milone v US Bank N.A., 164 AD3d at 152; see US Bank Trust, N.A. v Williams, 168 AD3d 1122, 1123).
Here, the appellants failed to satisfy their initial burden of demonstrating, prima facie, that the time within which to commence the action had expired (see U.S. Bank N.A. v Gordon, 176 AD3d 1006, 1008). Notwithstanding that the appellants stated in their moving papers that the default notice letter dated January 21, 2010, relied upon by them to demonstrate acceleration of the debt, was annexed to their motion papers as Exhibit JJ, it was not annexed thereto, and the Supreme Court was thus unable to consider it (see Wells Fargo Home Mtge., Inc. v Mercer, 35 AD3d 728, 728).
In any event, we note that even if the default notice letter dated January 21, 2010, could be considered, the copy of that letter which was included in the record on appeal did not express a clear and unequivocal acceleration of the mortgage debt (see Bank of N.Y. Mellon v Morris, 172 AD3d 1150, 1151; FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1308). Rather, it "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d at 475; see Freedom Mtge. Corp. v Engel, _____ NY3d _____, 2021 NY Slip Op 01090; Bank of N.Y. Mellon v Maldonado, 170 AD3d 1099, 1101; North Shore Invs. Realty Group, LLC v Traina, 170 AD3d 737, 738). "Since the [appellants] did not contend that any other act by the plaintiff . . . accelerated the loan, the burden never shifted to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (North Shore Invs. Realty Group, LLC v Traina, 170 AD3d at 738 [internal quotation marks omitted]).
The plaintiff's remaining contentions are either without merit (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39) or not properly before this Court.
Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court