Bank of N.Y. Mellon v Mor (2022 NY Slip Op 00162)





Bank of N.Y. Mellon v Mor


2022 NY Slip Op 00162


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-09832
 (Index No. 59767/14)

[*1]Bank of New York Mellon, etc., appellant,
v
Michal Mor, respondent, et al., defendants.


McCalla Raymer Leibert Pierce, LLC, New York, NY (Daniel LoPresti of counsel), for appellant.
Zisholtz & Zisholtz, LLP, Mineola, NY (Stuart S. Zisholtz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 13, 2017. The order granted the motion of the defendant Michal Mor for leave to reargue (1) his opposition to those branches of the plaintiff's prior motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him and for an order of reference, which had been granted in an order of the same court dated December 12, 2016, and (2) that branch of his prior cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, which had been denied in the order dated December 12, 2016, and, upon reargument, in effect, vacated the determinations in the order dated December 12, 2016, (1) granting those branches of the plaintiff's prior motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him and for an order of reference, and (2) denying that branch of his prior cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him, and thereupon denied those branches of the plaintiff's prior motion and granted that branch of his prior cross motion.
ORDERED that the order dated July 13, 2017, is modified, on the law, by deleting the provisions thereof, upon reargument, in effect, vacating the determinations in the order dated December 12, 2016, granting those branches of the plaintiff's prior motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against the defendant Michal Mor and for an order of reference, and denying that branch of that defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him, and thereupon denying those branches of the plaintiff's prior motion and granting that branch of that defendant's cross motion, and substituting therefor provisions, upon reargument, adhering to the original determinations in the order dated December 12, 2016; as so modified, the [*2]order dated July 13, 2017, is affirmed, with costs to the plaintiff.
In June 2005, the defendant Michal Mor (hereinafter the defendant) executed a note in the sum of $700,000 in favor of Countrywide Home Loans, Inc. (hereinafter Countrywide), which was secured by a mortgage on residential property located in New Rochelle. The defendant allegedly defaulted on his monthly mortgage payments beginning in February 2008. By letter dated March 18, 2008, Countrywide notified the defendant that "[i]f the default is not cured on or before April 22, 2008, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time."
On June 23, 2014, the plaintiff, as successor in interest to the note, commenced this action against the defendant, among others, to foreclose the mortgage. The defendant answered and asserted, as an affirmative defense, that the action was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground, among others, that the action was time-barred. In an order dated December 12, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against the defendant and for an order of reference, denied that branch of the plaintiff's motion which was for summary judgment on so much of the complaint as sought to recover unpaid mortgage installments that accrued prior to June 23, 2008, insofar as asserted against the defendant, granted that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid mortgage installments that accrued prior to June 23, 2008, insofar as asserted against him as time-barred, and denied that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid mortgage installments which accrued on or after June 23, 2008, insofar as asserted against him.
The defendant subsequently moved for leave to reargue his opposition to those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him and for an order of reference, and that branch of his cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid mortgage installments that accrued on or after June 23, 2008, insofar as asserted against him. In an order dated July 13, 2017, the Supreme Court granted the defendant leave to reargue and, upon reargument, denied those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against him and for an order of reference, and granted that branch of that defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued on or after June 23, 2008, insofar as asserted against him as time-barred. The plaintiff appeals.
Motions for reargument are addressed to the sound discretion of the court that decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law (see Caring Professionals, Inc. v Landa, 152 AD3d 738, 739; Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 892; see also CPLR 2221[d][2]). Here, the Supreme Court providently exercised its discretion in granting the defendant leave to reargue, as it overlooked the defendant's contention that the letter dated March 18, 2008, accelerated the mortgage debt (see HSBC Bank USA, N.A. v Corrales, 194 AD3d 1023, 1024; Hackshaw v Mercy Med. Ctr., 139 AD3d 798, 799). Upon reargument, however, the court should have adhered to its prior determinations.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage debt payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due (see Citibank, N.A. v Kletzky, 196 AD3d 459; U.S. Bank N.A. v Singer, [*3]192 AD3d 1182, 1185-1186). However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774; HSBC Bank USA, N.A. v Corrales, 194 AD3d 1023, 1025). Acceleration of a mortgage debt may occur through an unequivocal acceleration notice (see HSBC Bank USA, N.A. v King, 193 AD3d 694, 695; Mejias v Wells Fargo N.A., 186 AD3d 472, 474).
Contrary to the Supreme Court's determination, the letter dated March 18, 2008, did not express a clear and unequivocal acceleration of the mortgage debt (see HSBC Bank USA, N.A. v King, 193 AD3d at 696; U.S. Bank N.A. v Greenberg, 170 AD3d 1237, 1239). Rather, it "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 27; U.S. Bank N.A. v Vitolo, 182 AD3d 627, 627-628). Thus, the defendant failed to establish, prima facie, that so much of the complaint as sought to recover unpaid mortgage installments under the subject mortgage that accrued on or after June 23, 2008, was time-barred (see U.S. Bank N.A. v Singer, 192 AD3d at 1186-1187; U.S. Bank N.A. v Atia, 178 AD3d 747, 749; Ditech Fin., LLC v Reiss, 175 AD3d 618, 620). Accordingly, upon reargument, the court should have adhered to its prior determinations granting those branches of the plaintiff's motion which were for summary judgment on so much of the complaint as sought to recover unpaid installments of the subject mortgage that accrued on or after June 23, 2008, insofar as asserted against the defendant and for an order of reference, and denying that branch of the defendant's cross motion which was for summary judgment dismissing so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued on or after June 23, 2008, insofar as asserted against him as time-barred.
In light of our determination, we need not address the plaintiff's remaining contention.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court