JPMorgan Chase Bank, N.A. v Garcete (2022 NY Slip Op 02119)





JPMorgan Chase Bank, N.A. v Garcete


2022 NY Slip Op 02119


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-06618 
2019-06619
 (Index No. 620298/16)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Codi Garcete, appellant, et al., defendants.


The Law Offices of David L. Singer, P.C., Melville, NY, for appellant.
McCalla Raymer Leibert & Pierce LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Codi Garcete appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated March 28, 2019. The first order, insofar as appealed from, denied the motion of the defendant Codi Garcete pursuant to CPLR 3126 to strike the complaint on the ground that the plaintiff failed to comply with that defendant's discovery demands or, in the alternative, in effect, pursuant to CPLR 3124 to compel the plaintiff to comply with that defendant's discovery demands, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Codi Garcete, to strike that defendant's answer, to reform the mortgage documents, and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In July 2007, the defendant Codi Garcete (hereinafter the defendant) obtained a home equity line of credit in the amount of $475,000 from Washington Mutual Bank (hereinafter WaMu), which was secured by a mortgage on property located in Suffolk County. In a letter dated June 5, 2009, WaMu sent the defendant a "NOTICE OF INTENT TO ACCELERATE," which stated that the defendant had breached the mortgage by failing to pay the monthly installments when due, and that failure to pay the sums due within 30 days "may result in acceleration of the sums secured by the [m]ortgage." Subsequently, the plaintiff came into possession of the loan. In a letter dated November 24, 2009, the plaintiff sent the defendant an "Acceleration Warning (Notice of Intent to Foreclose)," which stated that the loan was in default and if the defendant failed to cure the default within 30 days, the plaintiff "intends to accelerate the maturity of the Loan." Thereafter, the plaintiff sent the defendant a letter dated April 12, 2016, stating that the plaintiff "hereby de-accelerates the Loan, withdraws its prior demand for immediate payment of all sums secured . . . and re-institutes the Loan as an installment loan."
In December 2016, the plaintiff commenced this action to foreclose the mortgage [*2]against the defendant, among others. The complaint stated that the plaintiff "has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal." In her answer, the defendant asserted various affirmative defenses, including lack of standing and the statute of limitations. Thereafter, the defendant moved pursuant to CPLR 3126 to strike the complaint on the ground that on the plaintiff failed to comply with her discovery demands or, in the alternative, in effect, pursuant to CPLR 3124 to compel the plaintiff to comply with her discovery demands. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, to reform the mortgage documents, and for an order of reference. The plaintiff filed as part of its cross motion a response to the defendant's discovery demands. The Supreme Court denied the defendant's motion and granted those branches of the plaintiff's cross motion. The defendant appeals.
At the outset, the Supreme Court properly denied the defendant's motion, inter alia, to compel discovery, since the defendant failed to show that further discovery might lead to relevant evidence (see Bank of N.Y. Mellon v Pigott, 200 AD3d 633; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 686).
"'A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced'" (Nationstar Mtge., LLC v Tabick, 193 AD3d 950, 951, quoting U.S. Bank Trust, N.A. v O'Driscoll, 168 AD3d 783, 784). Here, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, its standing to commence the action, as evidenced by its attachment of the home equity line of credit agreement, endorsed in blank, to the complaint at the time the action was commenced (see U.S. Bank N.A. v Rowe, 194 AD3d 978; Wells Fargo Bank, N.A. v Kohli, 173 AD3d 941, 942).
"An action to foreclose a mortgage is subject to a six-year statute of limitations. In the case of an installment loan, a separate cause of action accrues as to each missed payment, but once the debt is accelerated, the limitations period begins to run on the entire debt" (Scarso v Wilmington Sav. Fund Socy., FSB, 200 AD3d 817, 818-819 [citation omitted]; see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21). "[A]cceleration should not be deemed to occur absent an overt, unequivocal act" (Freedom Mtge. Corp v Engel, 37 NY3d at 27). "An acceleration of a mortgage debt may occur by means of [an] acceleration notice transmitted to the borrower by the creditor" (HSBC Bank USA, N.A. v King, 193 AD3d 694, 695). However, "[a] 'letter discussing acceleration as a possible future event, . . . does not constitute an exercise of the mortgage's optional acceleration clause'" (id. at 695, quoting 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Freedom Mtge. Corp. v Engel, 37 NY3d at 27; Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d 1678, 1680; Bank of N.Y. Mellon v Maldonado, 170 AD3d 1099, 1101). "The determinative question is not what the noteholder intended or the borrower perceived, but whether the contractual election was effectively invoked" (Freedom Mtge. Corp. v Engel, 37 NY3d at 23). Here, contrary to the defendant's contention, neither the June 5, 2009 letter nor the November 24, 2009 letter effectively accelerated the mortgage debt, as these letters merely discussed acceleration as a possible future event (see id. at 27; HSBC Bank USA, N.A. v King, 193 AD3d at 696; Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d at 1680; Bank of N.Y. Mellon v Maldonado, 170 AD3d at 1101). Moreover, the April 12, 2016 letter from the plaintiff purporting to de-accelerate the loan does not establish that the loan had been validly accelerated (see Freedom Mtge. Corp. v Engel, 37 NY3d at 30).
The Supreme Court properly determined that the defendant waived her defense of forgery, as she failed to plead forgery as an affirmative defense in her answer (see US Bank N.A. v Nelson, 169 AD3d 110, 113, 118, affd 36 NY3d 998; Power Up Lending Group, Ltd. v Cardinal Resources, Inc., 160 AD3d 674, 675).
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, to reform the mortgage documents, and for an order of [*3]reference.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court