HSBC Bank USA v Pantel (2022 NY Slip Op 04954)

HSBC Bank USA v Pantel

2022 NY Slip Op 04954

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00286
 (Index No. 59123/17)

[*1]HSBC Bank USA, etc., appellant, 
v
Marc Pantel, etc., et al., respondents, et al., defendants.

Logs Legal Group LLC, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Reich Reich & Reich, P.C., White Plains, NY (Nicholas A. Pasalides of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated June 4, 2020. The order granted the motion of the defendants Marc Pantel and Carol Pantel pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Marc Pantel and Carol Pantel pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer is denied.
In 2013, the plaintiff commenced an action (hereinafter the prior action) to foreclose a mortgage securing a consolidated note executed by the defendants Marc Pantel and Carol Pantel (hereinafter together the defendants). The defendants interposed an answer in which they asserted as an affirmative defense that the plaintiff did not have standing. After a trial on the issue of standing, the Supreme Court determined that the plaintiff failed to establish that it had standing, and entered a judgment dismissing the complaint.
Thereafter, on June 15, 2017, the plaintiff commenced the instant action to foreclose the same mortgage. Prior to joining issue, the defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them, arguing that the instant action was barred by res judicata and/or collateral estoppel. In an order dated February 26, 2018, the Supreme Court granted the defendants' motion. The plaintiff appealed, and in a decision and order dated January 8, 2020, this Court reversed the order and denied the defendants' motion (see HSBC Bank USA, N.A. v Pantel, 179 AD3d 650). The plaintiff served this Court's decision and order with notice of entry on January 22, 2020. As such, the defendants time to serve an answer to the complaint expired on Monday, February 3, 2020 (see CPLR 3211[f]; General Construction Law § 25-a[1]). The defendants served their answer on February 6, 2020, which was rejected by the plaintiff on February 10, 2020.
Thereafter, the defendants moved pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer, contending that they had a reasonable excuse for their delay in serving their answer, and a potentially meritorious defense based upon the statute of limitations, since the [*2]mortgage debt had been accelerated in May 2010. The plaintiff opposed the motion. In an order dated June 4, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
To extend the time to answer a complaint and to compel the plaintiff to accept late service of an answer pursuant to CPLR 3012(d), a defendant must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see Sadowski v Windsor Vil. Apts. Co., LLC, 200 AD3d 816, 817; Hoffman v 461 Arlington Props., LLC, 195 AD3d 1000, 1001; Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see Wilmington Trust, N.A. v Pape, 192 AD3d at 949; Cumanet, LLC v Murad, 188 AD3d 1149, 1153; Nationstar Mtge., LLC v Farrell, 172 AD3d 1077, 1077). Here, the defendants' excuse that the minimal delay in serving their answer was due to their attorney's illness, which excuse was corroborated by medical documentation, was reasonable under the circumstances (see World O World Corp. v Anoufrieva, 163 AD3d 610, 611; Weitzenberg v Nassau County Dept. of Recreation & Parks, 29 AD3d 683, 685).
However, the Supreme Court erred in determining that the defendants established a potentially meritorious defense to the action. An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage debt payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; Citibank, N.A. v Kletzky, 196 AD3d 459; HSBC Bank USA, N.A. v King, 193 AD3d 694, 695). However, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774, 775; HSBC Bank USA, N.A. v Corrales, 194 AD3d 1023, 1025).
"Where the holder of the note elects to accelerate the mortgage debt, notice to the borrower must be 'clear and unequivocal'" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867, quoting Sarva v Chakravorty, 34 AD3d 438, 439; see Mejias v Wells Fargo N.A., 186 AD3d 472, 474). "An acceleration of a mortgage debt may occur in different ways. One way is in the form of an acceleration notice transmitted to the borrower by the creditor or the creditor's servicer" (Mejias v Wells Fargo N.A., 186 AD3d at 474 [internal quotation marks omitted]; see Freedom Mtge. Corp. v Engel, 37 NY3d at 25; IPA Asset Mgt., LLC v Bank of N.Y. Mellon, 202 AD3d 1068, 1070). However, "[a] 'letter discussing acceleration as a possible future event, . . . does not constitute an exercise of the mortgage's optional acceleration clause'" (HSBC Bank USA, N.A. v King, 193 AD3d at 695, quoting 21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Freedom Mtge. Corp. v Engel, 37 NY3d at 27; JPMorgan Chase Bank, N.A. v Garcete, 203 AD3d 1149). "The determinative question is not what the noteholder intended or the borrower perceived, but whether the contractual election was effectively invoked" (Freedom Mtge. Corp. v Engel, 37 NY3d at 23). Here, a letter sent to the defendants dated May 16, 2010, did not effectively accelerate the mortgage debt, as this letter merely discussed acceleration as a possible future event (see id. at 27; JPMorgan Chase Bank, N.A. v Garcete, 203 AD3d 1149; HSBC Bank USA, N.A. v King, 193 AD3d at 695). Moreover, neither the testimony of a representative of the plaintiff's loan servicer nor loan documentation submitted in the prior action was sufficient to establish that the loan had been validly accelerated (see Freedom Mtge. Corp. v Engel, 37 NY3d at 30). As such, the defendants failed to establish a potentially meritorious defense to the action.
Accordingly the Supreme Court should have denied the defendants' motion pursuant to CPLR 3012(d) to compel the plaintiff to accept their late answer.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court