Wookey v Toth (2024 NY Slip Op 04418)

Wookey v Toth

2024 NY Slip Op 04418

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-09791
 (Index No. 617957/19)

[*1]Thomas Wookey, appellant, 
v
Gregory Toth, et al., defendants, Steven Anello, respondent.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Brett D. Zinner of counsel), for appellant.
James T. Scalise, Esq. P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered October 5, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendant Steven Anello which was pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered May 10, 2021, granting the plaintiff's unopposed motion, inter alia, for leave to enter a default judgment against that defendant upon his failure to appear or answer the amended complaint, and a judgment of the same court entered May 25, 2021, in favor of the plaintiff and against that defendant in the total sum of $297,705.50.
ORDERED that the order entered October 5, 2022, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the defendant Steven Anello, inter alia, to recover damages for breach of fiduciary duty. Anello was served by substituted service pursuant to CPLR 308(2) by the delivery of a summons with notice and amended complaint to a person of suitable age and discretion at Anello's dwelling place and by the mailing of the summons with notice and amended complaint to the same address by first-class mail in December 2020. Anello failed to appear or answer the amended complaint. The plaintiff subsequently moved, among other things, for leave to enter a default judgment against Anello. By order entered May 10, 2021 (hereinafter the May 2021 order), the Supreme Court granted the plaintiff's motion. On May 25, 2021, the court entered a judgment in favor of the plaintiff and against Anello in the total sum of $297,705.50. Thereafter, Anello was served with a copy of the judgment with notice of entry.
Approximately one year later, in May 2022, Anello moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the May 2021 order and the judgment. In an order entered October 5, 2022, the Supreme Court, among other things, granted that branch of Anello's motion. The plaintiff appeals.
A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action [*2](see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Gleizer v Gleizer, 216 AD3d 922, 923). "The determination of what constitutes a reasonable excuse lies within the discretion of the [motion] court" (Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163; see Fried v Jacob Holding, Inc., 110 AD3d 56, 60). In determining whether a proffered excuse is reasonable, the court may also consider a party's delay in moving to vacate the default (see Delucia v Mar Lbr. Co., Inc., 210 AD3d 636, 638; Maruf v E.B. Mgt. Props., LLC, 181 AD3d 670, 672).
Here, Anello set forth a reasonable excuse for his default in appearing or answering the amended complaint based upon the illness, retirement, and death of his attorney in January 2021 (see HSBC Bank USA v Pantel, 208 AD3d 643, 645; World O World Corp. v Anoufrieva, 163 AD3d 610, 611). Since the plaintiff does not raise any contention on appeal that Anello failed to demonstrate a potentially meritorious defense to the action, we make no determination on that issue.
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Anello's motion which was pursuant to CPLR 5015(a)(1) to vacate the May 2021 order and the judgment.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court