JPMorgan Chase Bank, N.A. v Turkov (2025 NY Slip Op 05799)

JPMorgan Chase Bank, N.A. v Turkov

2025 NY Slip Op 05799

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-12171
 (Index No. 135488/18)

[*1]JPMorgan Chase Bank, N.A., appellant, 
v
Grigory Turkov, etc., et al., respondents, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for appellant.
Tsyngauz & Associates, P.C., New York, NY (Ryan C. Banich of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated September 22, 2023. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Grigory Turkov and Galina Brodovskaya and granted that branch of the cross-motion of the defendants Grigory Turkov and Galina Brodovskaya which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In May 2004, the defendant Grigory Turkov (hereinafter the borrower) executed a home equity line of credit agreement (hereinafter the HELOC) in the credit limit amount of $200,000 in favor of the plaintiff. The HELOC was secured by a mortgage on certain real property located in Staten Island.
In January 2010, the plaintiff commenced an action to foreclose the mortgage against the borrower and the defendant Galina Brodovskaya (hereinafter together the defendants), among others (hereinafter the 2010 foreclosure action). In December 2014, the plaintiff discontinued the 2010 foreclosure action.
In August 2018, the plaintiff commenced the instant action to foreclose the mortgage against the defendants, among others. In their answer, the defendants asserted several affirmative defenses and counterclaims, including that the action was time-barred. In September 2022, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion and cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
In an order dated September 22, 2023, the Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Medianik, 223 AD3d 935, 937).
Here, the six-year statute of limitations began to run in January 2010, when the plaintiff commenced the first foreclosure action and elected in the complaint to call due the entire amount secured by the mortgage (see Deutsche Bank Natl. Trust Co. v DiGiorgio, 237 AD3d 899, 900-901; U.S. Bank N.A. v Medianik, 223 AD3d at 938). The instant action was commenced in August 2018, more than eight years after the commencement of the 2010 foreclosure action. Pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821, § 8), the voluntary discontinuance of the 2010 foreclosure action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Wells Fargo Bank N.A. v Edwards, 231 AD3d 1189, 1193).
The plaintiff's contentions challenging FAPA's retroactive application and constitutionality under the United States and New York Constitutions are without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1067-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1043).
Accordingly, the Supreme Court properly denied the plaintiff's motion and granted that branch of the defendants' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court