HSBC Bank USA, N.A. v Wu (2025 NY Slip Op 05882)

HSBC Bank USA, N.A. v Wu

2025 NY Slip Op 05882

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 850209/16|Appeal No. 5033-5034-5035|Case No. 2024-02127, 2024-06304|

[*1]HSBC Bank USA, N.A., Plaintiff, MEB Loan Trust VII, Plaintiff-Respondent,
v
Lewis Wu, Defendant-Appellant, Board of Managers of the Royal Elizabeth Condominium, et al., Defendants. 

Petroff Amshen LLP, Brooklyn (James Tierney of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners PLLC, Westbury (Joseph F. Battista of counsel), for respondent.

Judgment, Supreme Court, New York County (Francis A. Kahn, III, J.), entered January 3, 2025, and bringing up for review an order, same court and Justice, entered on or about February 20, 2024, which granted plaintiff-respondent's motion for summary judgment and referred the matter to a referee for calculation of damages, and an order and non-final judgment, same court and Justice, entered on or about August 27, 2024, which granted plaintiff's motion for a judgment of foreclosure and sale and to confirm the referee's report and denied defendant-appellant's (defendant) cross-motion to vacate the February 20, 2024 order, unanimously affirmed, without costs. Appeals from the February 20, 2024 and August 27, 2024 orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
As an initial matter, we note that defendant failed to perfect two prior appeals of orders addressing some of the very arguments that defendant relies on again in this appeal. Both prior appeals were subject to automatic dismissal for failure to prosecute (22 NYCRR 1250.10[a]) and thus might operate as a bar to this appeal. However, we nonetheless "exercise our discretion to hear [the] appeal[s] on the merits" (Mongeau v SR Taxi Corp., 235 AD3d 500, 500-501 [1st Dept 2025], citing Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]).
In so doing, we find that Supreme Court providently granted the original plaintiff's (HSBC) motion to vacate the dismissal for failure to seek a default judgment. Counsel proffered evidence of law office failure and otherwise demonstrated "sufficient cause . . . why the complaint should not be dismissed" (CPLR 3215[c]).
Defendant's motion to dismiss for lack of personal jurisdiction was properly denied, as defendant waived his objection by informal appearance at status conferences and stipulating to extend HSBC's time to move for an order of reference (CPLR 3211[a][8]; see Taveras v City of New York, 108 AD3d 614, 617 [2d Dept 2013]; cf. Bayview Loan Servicing, LLC v Zelyakovsky, 202 AD3d 738, 741 [2d Dept 2022]).
Supreme Court properly granted plaintiffs' summary judgment as there was no failure on the part of plaintiffs to provide requisite pre-litigation notices. "By defendant's own admission, the mortgaged property was not [his] primary residence, and thus the mortgage was not a 'home loan' for purposes of RPAPL 1304(6)(a)(1)(iii)" (Bank of N.Y. Mellon v O'Callahan, 190 AD3d 599, 600 [1st Dept 2021], lv dismissed 37 NY3d 1043 [2021]; see also JP Morgan Chase Bank, N.A. v Venture, 148 AD3d 1269, 1271 [3d Dept 2017]). As such, HSBC had no statutory obligation to serve a 90-day pre-foreclosure notice (see RPAPL 1304[1]).
In addition, "defendant waived the argument" based on contractual notice "by failing to raise it in [his] answer with the requisite specificity and particularity required by CPLR 3015(a)" (Capital One, N.A. v Saglimbeni, 170 AD3d 508, 508 [1st Dept 2019]). Even had the issue been raised, defendant identifies no specific contractual provision requiring notice. Instead, the cited page of the record includes a paragraph allowing the lender to require payment in full of the amount due "without advance notice" in the event of default.
Defendant waived the arguments regarding standing and compliance with the statute requiring additional notification to the Superintendent of Financial Services "by failing to raise [them] in [his] opposition to [the] motion for summary judgment" (Boscoe Credit V Trust Series 2012-1 v Johnson, 177 AD3d 561, 562 [1st Dept 2019], lv denied 35 NY3d 917 [2020]). The arguments are also unavailing because they only apply to a "home loan" (RPAPL 1302-a; 1306[1]). Moreover, the current plaintiff, HSBC's successor (MEB), proved HSBC's "standing to commence the action by demonstrating that it was the holder of the note at the time that the action was commenced, as evidenced by its attachment of the home equity line of credit agreement, endorsed in blank, to the complaint that was filed in this action" (HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914, 918 [2d Dept 2022]; see also J.P. Morgan Chase Bank, N.A. v Garcete, 203 AD3d 1149, 1150 [2d Dept 2022]).
For all the same reasons, Supreme Court properly denied defendant's cross-motion to vacate the order granting summary judgment to plaintiffs.
Finally, Supreme Court appropriately confirmed the Referee's report as the Referee's "findings are substantially supported by the record" (Citimortgage, Inc. v Kidd, 148 AD3d 767, 768 [2d Dept 2017]; see CPLR 4403]). Contrary to defendant's contention, MEB's affiant proffered business records on which the calculations for escrow advances, property preservation expenses, and accrued interest were based (cf. Countrywide Home Loans Servicing, L.P. v Weberman, 230 AD3d 632, 634 [2d Dept 2024]; Ocwen Loan Servicing, LLC v Coles, 223 AD3d 678, 680 [2d Dept 2024]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025