U.S. Bank Trust N.A. v Roca (2025 NY Slip Op 06748)

U.S. Bank Trust N.A. v Roca

2025 NY Slip Op 06748

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-10562
 (Index No. 207808/22)

[*1]U.S. Bank Trust National Association, etc., respondent, 
v
Janet Roca, et al., appellants, et al., defendants.

Law Office of Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for appellants.
Stim & Warmuth, P.C., Farmingville, NY (Paula J. Warmuth and Glenn P. Warmuth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Janet Roca and Louis Roca appeal from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated October 26, 2023. The order denied those defendants' motion pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against Janet Roca and Louis Roca (hereinafter together the defendants), among others, to foreclose a mortgage. On April 5, 2023, after the defendants' time to answer had expired, the defendants appeared at a settlement conference pursuant to CPLR 3408, thereby extending their time to serve an answer until 30 days after the settlement conference, to May 5, 2023 (see id. § 3408[m]). On June 14, 2023, the defendants participated in a second settlement conference pursuant to CPLR 3408. No settlement was reached, and the matter was released from the settlement conference part.
On June 21, 2023, the defendants interposed an answer, and the following day, the plaintiff rejected the answer as untimely. The defendants moved pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated October 26, 2023, the Supreme Court denied the motion, finding that the defendants failed to demonstrate a reasonable excuse for their default. The defendants appeal.
"Upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (id.; see Wells Fargo Bank, N.A. v Hernandez, 204 AD3d 958, 960). "'To extend the time to answer a complaint and to compel the plaintiff to accept late service of an answer pursuant to CPLR 3012(d), a defendant must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Carrington v Northwell Health, 234 AD3d 659, 660, quoting HSBC Bank USA v Pantel, 208 AD3d 643, 644).
"'Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits'" (Cartessa Aesthetics, LLC v Demko, 217 AD3d 821, 822, quoting Nowakowski v Stages, 179 AD3d 822, 823). "'The determination as to what constitutes a reasonable excuse lies within the sound discretion of the trial court'" (Wilmington Trust, N.A. v Pape, 192 AD3d 947, 949, quoting Green Apple Mgt. Corp. v Aronis, 55 AD3d 669, 669).
Here, the Supreme Court providently exercised its discretion in denying the defendants' motion pursuant to CPLR 3012(d) for leave to serve a late answer, as the defendants did not demonstrate a reasonable excuse for their failure to timely answer the complaint. The defendants' misguided strategy of waiting until settlement negotiations had failed to either hire an attorney or attempt to interpose an answer did not constitute a reasonable excuse for their default (see Singh v Pradhan, 229 AD3d 472, 473; US Bank N.A. v Salvatierra, 205 AD3d 757, 759; Soto v Chelsea W26, LLC, 166 AD3d 1048, 1050).
Since the defendants failed to establish a reasonable excuse for their default, it is unnecessary to consider whether they demonstrated a potentially meritorious defense to the action (see US Bank N.A. v Salvatierra, 205 AD3d at 759; Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3012(d) for leave to serve a late answer.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court