Amalgamated Suncoast Portfolio, LLC v SGD Group Holdings II, LLC (2026 NY Slip Op 00339)

Amalgamated Suncoast Portfolio, LLC v SGD Group Holdings II, LLC

2026 NY Slip Op 00339

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-02975
 (Index No. 620457/21)

[*1]Amalgamated Suncoast Portfolio, LLC, et al., respondents, 
vSGD Group Holdings II, LLC, et al., appellants, et al., defendants.

Robert J. Del Col, Hauppauge, NY, for appellants.
Kriegsman, P.C., Sag Harbor, NY (Alex Kriegsman of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants SGD Group Holdings II, LLC, SRG Horseblock II, LLC, Eugene Fernandez, and Debra Fernandez appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Stephen Hackeling, J.), entered April 10, 2023. The order and judgment of foreclosure and sale, upon an order of the same court (John H. Rouse, J.) dated March 7, 2022, granting the plaintiffs' motion for leave to enter a default judgment against the defendants SGD Group Holdings II, LLC, SRG Horseblock II, LLC, Eugene Fernandez, and Debra Fernandez and denying the cross-motion of the defendants SGD Group Holdings II, LLC, SRG Horseblock II, LLC, Eugene Fernandez, and Debra Fernandez to dismiss the complaint insofar as asserted against them or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiffs to accept a late answer, granted the plaintiffs' motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On February 4, 2019, the defendants SGD Group Holdings II, LLC, and SRG Horseblock II, LLC (hereinafter together the borrowers), executed a note in the total amount of $750,000 in favor of the plaintiffs. The note was secured by a mortgage on three separate properties located in Suffolk County. On the same date, the defendants Eugene Fernandez and Debra Fernandez (hereinafter together the guarantors) executed a personal guaranty of the note in favor of the plaintiffs.
On October 29, 2021, the plaintiffs commenced this action to foreclose the mortgage against the borrowers and the guarantors (hereinafter collectively the defendants), among others. The defendants failed to timely answer the complaint.
On January 21, 2022, the plaintiffs moved for leave to enter a default judgment against the defendants. In an affirmation in support of the motion, the plaintiffs' counsel noted that he had spoken to the defendants' counsel in December 2021 and stated that he would agree to an extension of time to respond to the complaint if the defendants' counsel sent a written stipulation, but a written stipulation was never sent. On February 10, 2022, the defendants opposed the motion and cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiffs had not complied with RPAPL 1303, 1304, and 1306, which are conditions precedent to [*2]commencing a foreclosure action, or, in the alternative, pursuant to CPLR 3012(d) to compel the plaintiffs to accept a late answer. In support of the cross-motion, the defendants' counsel submitted an affirmation in which he claimed that he had not answered the complaint due to his mother's death in December 2021 and his COVID-19 diagnosis in January 2022. In an order dated March 7, 2022, the Supreme Court granted the plaintiffs' motion and denied the defendants' cross-motion. In an order and judgment of foreclosure and sale entered April 10, 2023, the court granted the plaintiffs' motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
The Supreme Court providently exercised its discretion in denying that branch of the defendants' cross-motion which was pursuant to CPLR 3012(d) to compel the plaintiffs to accept a late answer. "A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense" (Gambino v Deutsche Bank Natl. Trust Co., 181 AD3d 565, 566). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court" (id.).
Here, in view of the defendants' counsel's failure to submit any medical documentation to corroborate his purported illness, his failure to send the plaintiffs a stipulation to extend the time to answer the complaint despite having had the opportunity to do so, and his failure to make any attempt to answer the complaint until almost two months after his mother's death, the defendants failed to proffer a reasonable excuse for their default (see Nationstar Mtge., LLC v Hassanzadeh, 228 AD3d 948, 950; cf. HSBC Bank USA v Pantel, 208 AD3d 643, 644-645; World O World Corp. v Anoufrieva, 163 AD3d 610, 611).
Since the defendants failed to proffer a reasonable excuse for their default, this Court need not address whether they have any potentially meritorious defenses to the action (see HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 603).
GENOVESI, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court