■ In the Matter of DOMINICK CINCOTTA, Deceased. DOROTHY PERRY CINCOTTA, as Executor of DOMINICK CINCOTTA, Deceased, Appellant; RICHARD S. DILLWORTH, Respondent. [32 NYS3d 610]—

In a probate proceeding in which Richard S. Dillworth petitioned for an attorney's fee, Dorothy Perry Cincotta, as executor of the estate of Dominick Cincotta, appeals from an order of the Surrogate's Court, Queens County (Kelly, S.), dated December 17, 2013, which, in effect, denied her motion to reject a referee's report, inter alia, awarding Richard S. Dillworth an attorney's fee in the sum of $7,500, to be paid by the executor personally, and confirmed the report.

Ordered that the order is affirmed, with costs.

Dorothy Perry Cincotta (hereinafter the executor) is the executor of the estate of the decedent, Dominick Cincotta. Richard S. Dillworth is the executor's former attorney, who represented her at various stages of the probate proceedings. In December 2012, Dillworth petitioned the Surrogate's Court for an award of $15,139 in unpaid legal fees incurred from January 2011 through January 2012. These fees were specifically related to his representation of the executor in a compulsory accounting proceeding brought by the fiduciaries of the estate. In that accounting proceeding, Dillworth filed an account and performed other necessary tasks prior to being discharged by the executor. The executor then retained new counsel who filed an amended account and represented her at a hearing in which a decree was entered that did not include Dillworth's unpaid legal fees.

Pursuant to SCPA 506 (6) (a), the Surrogate's Court appointed a referee to hear and report findings of fact and conclusions of law regarding Dillworth's petition for an attorney's fee.

Following a hearing, the referee rendered a report dated September 23, 2013, which, inter alia, recommended that the Surrogate's Court grant Dillworth's petition to the extent of awarding him an attorney's fee in the sum of $7,500, to be paid by the executor personally. The executor then filed a motion requesting that the Surrogate's Court reject the referee's report. The Surrogate's Court, in effect, denied the executor's motion and confirmed the referee's report.

The determination of what constitutes a reasonable attorney's fee is a matter within the sound discretion of the Surrogate's Court (see Matter of Thompson, 66 AD3d 1035, 1036 [2009]; Matter of Papadogiannis, 196 AD2d 871 [1993]). "This authority rests with the Surrogate regardless of the terms of a retainer agreement" (Matter of Thompson, 66 AD3d at 1036; see Matter of Gluck, 279 AD2d 575, 576 [2001]; Matter of Lanyi, 147 AD2d 644, 646-647 [1989]). In determining a reasonable attorney's fee, the court should consider factors such as time and labor, difficulty of the questions involved, the amount involved, counsel's experience, ability, and reputation, and the customary fee charged for such services (see Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Greenfield, 127 AD3d 1189, 1191 [2015]; Matter of McCann, 236 AD2d 405 [1997]; Matter of Bobeck, 196 AD2d 496 [1993]; Matter of Potts, 213 App Div 59, 62 [1925], affd 241 NY 593 [1925]).

Although the Surrogate's Court is entitled to reject the report of a referee and make new findings (see SCPA 506 [4]; Matter of Albert, 137 AD3d 1266 [2016]), "[t]he recommendations and report of a referee will not be disturbed when they are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Hudson v Smith, 127 AD3d 816, 816 [2015]; see Spodek v Feibusch, 55 AD3d 903 [2008]; Matter of County Conduit Corp., 49 AD3d 641 [2008]; Thomas v Thomas, 21 AD3d 949 [2005]).

Here, the record substantially supported the referee's findings and determination, which considered the necessary factors, to award Dillworth an attorney's fee in the sum of $7,500. At the hearing, Dillworth introduced invoices demonstrating the hours worked and amounts billed along with testimony that he had filed an account and appeared for an SCPA 2211 examination of the executor during the period of his representation. While the executor demonstrated that the account was poorly prepared and she hired new counsel to prepare an amended accounting, there was also evidence suggesting that the executor failed or was unable to provide Dillworth with the documents and information that were necessary for a complete

account. The referee also properly rejected certain unsubstantiated disbursements sought by Dillworth and found that his billing entries lacked detail. Accordingly, the Surrogate's Court properly confirmed the referee's report and awarded Dillworth an attorney's fee in the sum of $7,500.

The executor's remaining contentions are without merit. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.