■ R. VIG PROPERTIES, LLC, Respondent, v RICHARD COHEN, Defendant, and C&S WHOLESALE GROCERS, INC., et al., Appellants. [60 NYS3d 97]—In an action, inter alia, to recover damages for breach of a commercial lease, the defendants C&S Wholesale Grocers, Inc., Montgomery Logistics, LLC, GU Markets of Valatie, LLC, and GU Markets, LLC, appeal (1) from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 5, 2015, and (2) from so much of an amended order of the same court dated June 25, 2015, as granted that branch of the plaintiff's motion which was for leave to reargue those branches of its prior motion which were for leave to amend the complaint to increase the ad damnum clause and to add Richard Cohen as a defendant, which had been denied in an order of the same court dated October 24, 2014, and, upon reargument, granted those branches of the prior motion. Application by the defendants C&S Wholesale Grocers, Inc., Montgomery Logistics, LLC, GU Markets of Valatie, LLC, and

GU Markets, LLC, to withdraw the appeal from so much of the amended order dated June 25, 2015, as granted that branch of the plaintiff's motion which was for leave to reargue that branch of its prior motion which was for leave to amend the complaint to add Richard Cohen as a defendant, and, upon reargument, granted that branch of the prior motion.

Ordered that the application is granted, and the appeal from so much of the amended order dated June 25, 2015, as granted that branch of the plaintiff's motion which was for leave to reargue that branch of its prior motion which was for leave to amend the complaint to add Richard Cohen as a defendant, and, upon reargument, granted that branch of the prior motion, is deemed withdrawn; and it is further,

Ordered that the appeal from the order dated May 5, 2015, is dismissed, as that order was superseded by the amended order dated June 25, 2015; and it is further,

Ordered that the amended order dated June 25, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue that branch of its prior motion which was for leave to amend the complaint to increase the ad damnum clause, and, upon reargument, granting that branch of the prior motion (see CPLR 3025 [b]). The proposed amendment was not palpably insufficient or patently devoid of merit, and the amendment did not result in prejudice or surprise to the appellants (see *Nechifor v RH Atl.-Pac. LLC*, 92 AD3d 514 [2012]; *Briarpatch Ltd., L.P. v Briarpatch Film Corp.*, 60 AD3d 585 [2009]; *Commissioners of State Ins. Fund v Service Unlimited, USA, Inc.*, 50 AD3d 1085 [2008]). Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.