U.S. Bank N.A. v Singer (2021 NY Slip Op 02013)





U.S. Bank N.A. v Singer


2021 NY Slip Op 02013


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
BETSY BARROS, JJ.


2016-12363
2018-02247
 (Index No. 501886/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Joseph Singer, et al., appellants, et al., defendants.


Law Office of Samuel Katz, PLLC, Brooklyn, NY, for appellants.
Woods Oviatt Gilman LLP (Hogan Lovells US LLP, New York, NY [David Dunn, Christian Fletcher, Benjamin P. Jacobs, Allison J. Schoenthal, and Richard A. Sillett], of counsel), for respondent.
In an action to foreclose a mortgage, the defendants Joseph Singer and Yocheved R. Singer appeal from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 21, 2016, and (2) a judgment of foreclosure and sale of the same court entered December 11, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Joseph Singer and Yocheved R. Singer, to strike those defendants' answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, and, in effect, denied those branches of the cross motion of those defendants which were for leave to amend their answer to assert the statute of limitations as an affirmative defense and, upon amendment, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of this action. The judgment of foreclosure and sale, upon the order dated September 21, 2016, and upon an order of the same court also dated September 21, 2016, inter alia, granting and denying the same relief, among other things, confirmed the referee's report, directed the sale of the subject property, and directed the referee to pay the plaintiff's attorney the sum of $532,366.32 from the proceeds of the sale of the subject property. Justice Hinds-Radix has been substituted for former Justice Maltese (see 22 NYCRR 1250.1[b]).
By order to show cause dated March 28, 2018, as amended March 29, 2018, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order dated September 21, 2016, on the ground that the right of direct appeal from the order terminated upon entry of the judgment. By decision and order on motion of this Court dated June 7, 2018, the motion to dismiss the appeal from the order was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.



DECISION & ORDER
Now, upon the order to show cause and the papers filed in response thereto, and upon argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order dated September 21, 2016, is granted; and it is further,
ORDERED that the appeal from the order dated September 21, 2016, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof confirming the referee's report, and (2) by deleting the provision thereof, in the third section of the second decretal paragraph, directing the referee to pay the plaintiff's attorney the sum of $532,366.32 from the proceeds of the sale of the subject property; as so modified, the judgment of foreclosure and sale is affirmed, without costs and disbursements, those branches of the cross motion of the defendants Joseph Singer and Yocheved R. Singer which were for leave to amend their answer to assert the statute of limitations as an affirmative defense as to so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of this action and, upon amendment, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of this action are granted, those branches of the plaintiff's motion which were for summary judgment on so much of the complaint insofar as asserted against the defendants Joseph Singer and Yocheved R. Singer as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of this action and to strike so much of those defendants' answer as pertained to that portion of the complaint are denied, the orders dated September 21, 2016, are modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter.
The appeal from the order dated September 21, 2016, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In August 2005, the defendant Joseph Singer executed a note in the amount of $350,000 in favor of GE Money Bank. The note was secured by a mortgage executed by Joseph Singer and the defendant Yocheved R. Singer (hereinafter together the Singers) on certain real property located in Brooklyn. GE Money Bank later endorsed the note to WMC Mortgage Corp., which then endorsed the note in blank.
In January 2008, the plaintiff commenced an action to foreclose the mortgage against, among others, the Singers alleging that Joseph Singer defaulted under the terms of the note (hereinafter the first action). In an order dated August 16, 2011, the Supreme Court granted the plaintiff's motion for leave to voluntarily discontinue the first action and to cancel the notice of pendency.
On February 17, 2015, the plaintiff commenced this action against the Singers, among others, to foreclose the mortgage (hereinafter the subject action). According to the complaint, Joseph Singer failed to make the February 1, 2008 payment or any subsequent installments due on the note. The plaintiff annexed a certified copy of the endorsed note to the complaint. In their answer to the complaint in the subject action, the Singers asserted lack of personal jurisdiction and lack of standing as affirmative defenses. Thereafter, in May 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the Singers, to strike the Singers' answer, and to appoint a referee to compute the amount due to the plaintiff. The Singers cross-moved pursuant to CPLR 3025 for leave to amend their answer to assert the statute of limitations as an affirmative defense and, upon amendment, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
In two orders dated September 21, 2016, the Supreme Court granted the plaintiff's [*2]motion and denied the Singers' cross motion. Thereafter, the Singers moved for leave to renew and reargue their cross motion and their opposition to the plaintiff's motion. In an order dated March 20, 2017, the court denied that motion. Subsequently, in a judgment of foreclosure and sale entered December 11, 2017, the court, inter alia, directed the sale of the subject property. The Singers appeal.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "The [decision] to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]; Murray v City of New York, 43 NY2d 400, 405).
An action to foreclose a mortgage is subject to a six-year statue of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; see U.S. Bank N.A. v Atia, 178 AD3d 747, 749). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 808, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). During the pendency of this appeal, the Court of Appeals decided Freedom Mtge. Corp. v Engel (_____ NY3d _____, 2021 NY Slip Op 01090), in which it held, inter alia, that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder" (_____ NY3d at _____, 2021 NY Slip Op 01090, *6)
In opposition to that branch of the Singers' cross motion which was for leave to amend their answer to assert the statute of limitations as an affirmative defense with respect to so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued six years prior to the commencement of this action and all payments due thereafter, the plaintiff established that so much of the proposed amendment to their answer was patently devoid of merit (see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853; Ulster Sav. Bank v Fiore, 165 AD3d 734, 736; North Am. Sav. Bank, FSB v Esposito-Como, 141 AD3d 706, 707). The plaintiff's voluntary discontinuance of the first action constituted an affirmative act revoking its prior acceleration of the mortgage debt as a matter of law (see Freedom Mtge. Corp. v Engel, _____ NY3d at _____, 2021 NY Slip Op 01090, *7).
However, because the plaintiff alleged that Joseph Singer failed to make the February 1, 2008 payment or any subsequent installments due thereafter on the note, and the subject action was not commenced until February 17, 2015, the Singers' proposed amendment to their answer to assert an affirmative defense that any unpaid installments of the mortgage which accrued before the six-year period prior to the commencement of the subject action were time-barred was not palpably insufficient or patently devoid of merit (see U.S. Bank N.A. v Atia, 178 AD3d at 749; Ditech Fin., LLC v Reiss, 175 AD3d 618, 619).
Moreover, upon amendment, that branch of the Singers' cross motion which was pursuant to CPLR 3211(a)(5) to dismiss so much of the complaint as sought to recover unpaid installments of the mortgage which accrued more than six years prior to the commencement of the subject action should have been granted.
Those branches of the plaintiff's motion which were for summary judgment on so much of the complaint insofar as asserted against the Singers as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the [*3]commencement of this action and to strike so much of the Singers' answer as pertained to that portion of the complaint should have been denied.
The Supreme Court properly denied that branch of the Singers' motion which was for leave to renew that branch of their cross motion which was for leave to amend their answer to assert, as an affirmative defense, that the statute of limitations started to run as of November 21, 2007. The Singers relied upon a letter dated October 22, 2007 (hereinafter the notice of default), advising them that their mortgage was in default and that "[u]nless the payments of your loan can be brought current by November 21, 2007, it will become necessary to accelerate your Mortgage Note." The notice of default further warned that the Singers' failure to pay the delinquent amount owed "will result in the acceleration of your Mortgage Note," and that "[i]f funds are not received by the above stated date, we will proceed to automatically accelerate your loan." Contrary to the Singers' contention, the notice of default did not constitute an acceleration of the mortgage debt but was merely an expression of future intent that fell short of an actual acceleration (see Freedom Mtge. Corp. v Engel, _____ NY3d at _____, 2021 NY Slip Op 01090, *5). Thus, the Singers failed to offer new facts that would change the prior determination (see CPLR 2221[e][2]; GMAC Mtge., LLC v Yorke, 175 AD3d 1498, 1500).
The Singers' remaining contentions are either raised for the first time on appeal and not properly before this Court, or without merit. In light of our determination, we need not reach the plaintiff's remaining contentions.
Accordingly, the Supreme Court should have granted those branches of the Singers' cross motion which were for leave to amend their answer to assert the statute of limitations as an affirmative defense as to so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of the subject action and, upon amendment, pursuant to CPLR 3211(a)(5) to dismiss, as time-barred, so much of the complaint as sought to recover unpaid installments of the subject mortgage which accrued before the six-year period prior to the commencement of the subject action. We remit this matter to Supreme Court, Kings County, to recalculate the amount owed to the plaintiff on the note.
AUSTIN, J.P., HINDS-RADIX, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court