HSBC Bank USA, N.A. v Corrales (2021 NY Slip Op 03309)





HSBC Bank USA, N.A. v Corrales


2021 NY Slip Op 03309


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-10928
 (Index No. 704688/16)

[*1]HSBC Bank USA, N.A., appellant, 
v
Astrid Corrales, respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for appellant.
Gomberg Legal, P.C., New York, NY (Stanislav Gomberg of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), entered July 3, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Astrid Corrales which was for leave to reargue that branch of her prior motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the statute of limitations as a defense, which had been denied in an order of the same court entered December 20, 2017, and, upon reargument, in effect, vacated that portion of the order entered December 20, 2017, and thereupon, granted that branch of the prior motion.
ORDERED that the order entered July 3, 2018, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating the determination in the order entered December 20, 2017, denying that branch of the motion of the defendant Astrid Corrales which was pursuant to CPLR 3025(b) to amend her answer to assert the statute of limitations as a defense, and thereupon, granting that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order entered December 20, 2017, denying that branch of the motion; as so modified, the order entered July 3, 2018, is affirmed insofar as appealed from, with costs to the plaintiff.
On May 12, 2009, the plaintiff's predecessor in interest, HSBC Mortgage Corporation (USA) (hereinafter HSBC Mortgage), commenced an action (hereinafter the 2009 action) to foreclose a consolidated mortgage given by the defendant Astrid Corrales (hereinafter the defendant). In November 2009, HSBC Mortgage obtained a judgment of foreclosure and sale in its favor. In 2014, the judgment of foreclosure and sale was vacated, and the action discontinued.
On April 20, 2016, the plaintiff commenced this action to foreclose the consolidated mortgage. The defendant served an answer to the amended complaint. The defendant subsequently moved to dismiss the amended complaint insofar as asserted against her, or, in the alternative, for leave to amend her answer to assert the statute of limitations as a defense. The defendant argued that this action was time-barred because the mortgage debt had been accelerated on May 12, 2009, when HSBC Mortgage commenced the 2009 action. In an order entered December 20, 2017, the Supreme Court denied the defendant's motion in its entirety. The defendant moved, inter alia, for leave to [*2]reargue that branch of her prior motion which was for leave to amend her answer. In an order entered June 22, 2018, the court, among other things, granted the defendant leave to reargue and, upon reargument, granted the defendant leave to amend her answer to assert the statute of limitations as a defense. The plaintiff appeals. We modify.
Initially, the Supreme Court providently exercised its discretion in granting the defendant leave to reargue that branch of her prior motion which was pursuant to CPLR 3025(b) for leave to amend her answer (see R. Vig Props., LLC v Cohen, 153 AD3d 565, 566). However, upon reargument, we adhere to the court's original determination, denying that branch of the motion. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "The [decision] to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]; Murray v City of New York, 43 NY2d 400, 405).
An action to foreclose a mortgage is subject to a six-year statue of limitations (see CPLR 213[4]). "With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run on the date each installment becomes due" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808; see U.S. Bank N.A. v Atia, 178 AD3d 747, 749). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). During the pendency of this appeal, the Court of Appeals decided Freedom Mtge. v Engel ( _____ NY3d _____, _____, 2021 NY Slip Op 01090, *6) in which it held, inter alia, that "where acceleration occurred by virtue of the filing of a complaint in a foreclosure action, the noteholder's voluntary discontinuance of that action constitutes an affirmative act of revocation of that acceleration as a matter of law, absent an express, contemporaneous statement to the contrary by the noteholder."
Here, the plaintiff established, in opposition to the defendant's motion, that the defendant's proposed amendment to her answer was patently devoid of merit (see U.S. Bank N.A. v Singer, 192 AD3d 1182). The voluntary discontinuance of the 2009 action constituted an affirmative act revoking the prior acceleration of the mortgage debt as a matter of law (see _____ NY3d at _____, 2021 NY Slip Op 01090, *7; U.S. Bank N.A. v Singer, 192 AD3d 1182), and thus, this action is not time-barred. Accordingly, upon reargument, we adhere to the Supreme Court's original determination, denying that branch of the defendant's motion which was pursuant to CPLR 3025(b) to amend her answer to assert the statute of limitations as a defense.
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court