HSBC Bank USA, N.A. v Genova (2023 NY Slip Op 04371)

HSBC Bank USA, N.A. v Genova

2023 NY Slip Op 04371

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BARRY E. WARHIT, JJ.

2020-03007
 (Index No. 131695/09)

[*1]HSBC Bank USA, N.A., etc., appellant,
v
Joseph Genova, respondent, et al., defendants.

McCabe, Weisberg & Conway, LLC, Melville, NY (Kenneth O. Britt of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated December 4, 2019. The order denied the plaintiff's motion for a judgment of foreclosure and sale and granted the cross-motion of the defendant Joseph Genova to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is granted, and the cross-motion of the defendant Joseph Genova to dismiss the complaint insofar as asserted against him is denied.
In September 2009, the plaintiff commenced this mortgage foreclosure action against the defendant Joseph Genova (hereinafter the defendant), among others. The defendant failed to file an answer. In an order dated July 13, 2010, the Supreme Court granted the plaintiff's motion for an order of reference. In 2017, the plaintiff moved for a judgment of foreclosure and sale. The defendant opposed the motion, and cross-moved to dismiss the complaint insofar as asserted against him. In an affirmation in support of the cross-motion, the defendant's then-attorney argued, inter alia, that the complaint should be dismissed pursuant to CPLR 3216. In an order dated December 4, 2019, the court denied the plaintiff's motion and granted the defendant's cross-motion. The court stated that "[w]hile Defendant's then-attorney improperly cited CPLR § 3216 to provide the authority for his argument, the substance of Defendant's argument, Plaintiff's failure to take timely action, went unrebutted in Plaintiff's opposition to the cross-motion." The court concluded that the complaint was subject to dismissal pursuant to CPLR 3215(c). The plaintiff appeals.
The Supreme Court erred in directing dismissal of the complaint insofar as asserted against the defendant. The the dismissal provisions of CPLR 3215(c) are not implicated here where the plaintiff, by moving for an order of reference, took proceedings for the entry of judgment within one year after the defendant's default, thus demonstrating that it did not abandon the action (see CPLR 3215[c]; Wells Fargo Bank, N.A. v Daskal, 142 AD3d 1071, 1073). Moreover, the plaintiff correctly contends that dismissal was not warranted pursuant to CPLR 3216, as the conditions precedent to dismissing the complaint pursuant to that statute had not been met (see CPLR 3216[b][3]; Citimortgage, Inc. v Ferrari, 171 AD3d 1005, 1006).
The Supreme Court further erred in denying the plaintiff's motion for a judgment of foreclosure and sale, since the plaintiff established its entitlement to such relief (see generally [*2]Nationstar Mtge., LLC v Cavallaro, 181 AD3d 688, 688-689; Matter of Cincotta, 139 AD3d 1058, 1059).
DILLON, J.P., CHAMBERS, MALTESE and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court