J.P. Morgan Mtge. Acquisition Corp. v Tamaklo (2023 NY Slip Op 06032)

J.P. Morgan Mtge. Acquisition Corp. v Tamaklo

2023 NY Slip Op 06032

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-06966
 (Index No. 701714/17)

[*1]J.P. Morgan Mortgage Acquisition Corp., respondent,
v
Jacqueline Tamaklo, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Joseph A. Jacobson and Steven Alexander Biolsi of counsel), for appellant.
Polsinelli, P.C., New York, NY (Robert H. King of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jacqueline Tamaklo appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 14, 2021. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On July 10, 2006, the defendant Jacqueline Tamaklo (hereinafter the defendant) executed a note in the amount of $468,000 in favor of Long Beach Mortgage Company (hereinafter Long Beach). The note was secured by a mortgage on certain real property located in Queens.
On February 6, 2017, the plaintiff, Long Beach's successor in interest, commenced this action to foreclose the mortgage against the defendant, among others. In an order dated October 25, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and appointed a referee to compute the amount due on the note.
On February 5, 2019, the plaintiff served on the defendant the notice of the referee's computation. The notice included the affidavit of Elizabeth Gonzales, a default document manager for Carrington Mortgage Services, LLC (hereinafter Carrington), the plaintiff's servicer and attorney-in-fact. Gonzales stated that she was familiar with Carrington's records and record-keeping practices. She stated that the defendant owed a total of $594,737.45 on the note. She attached the business records upon which she relied.
In response to the notice of computation, the defendant requested a hearing before the referee. The referee granted the request for a hearing, and scheduled the hearing for May 9, 2019. The defendant failed to appear at that hearing. On May 9, 2019, the referee issued her report finding that the defendant owed a total of $594,737.45 on the note.
On May 16, 2019, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The plaintiff attached to its motion, inter alia, Gonzales's affidavit stating that the defendant owed a total of $594,737.45 on the note. However, the plaintiff neglected to attach the referee's report. In opposition, the defendant argued that the motion should be denied due to the plaintiff's failure to attach the referee's report. The defendant made no objections to Gonzales's affidavit or to the referee's computation of the amount due. In reply, the plaintiff's counsel stated that he inadvertently failed to attach a copy of the referee's report to the motion. He submitted a copy of the report with the reply papers.
In an order and judgment of foreclosure and sale entered September 14, 2021, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Citimortgage, Inc. v Kidd, 148 AD3d 767, 768-769; Matter of Cincotta, 139 AD3d 1058). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237; Shultis v Woodstock Land Dev. Assoc., 195 AD2d 677).
Here, the plaintiff neglected to attach the referee's report to its initial moving papers on its motion, inter alia, to confirm that report. The defendant is correct that it was improper for the plaintiff to submit the referee's report for the first time in its reply papers (see Yancha v 2 Herald Owner, LLC, 196 AD3d 537, 539).
However, under the circumstances of this case, the Supreme Court providently exercised its discretion in overlooking this procedural defect. Although the plaintiff's initial moving papers failed to include the referee's report, which found that the defendant owed $594,737.45, the plaintiff did attach Gonzales's affidavit, which also stated that the defendant owed $594,737.45. The defendant failed to make any objection to this amount. The defendant also had the opportunity to dispute these calculations at the hearing before the referee, but she failed to appear at that hearing.
Thus, in the interest of judicial economy, the Supreme Court properly overlooked this procedural defect, and properly granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see CPLR 2001; Ollie Assoc. LLC v Devis, 58 Misc 3d 640, 646 [Civ Ct, Bronx County]; see also Bank of Am., N.A. v Lino, 203 AD3d 1004, 1005; Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d at 1236-1237; Carter v Grenadier Realty, 83 AD3d 640, 642).
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court