HSBC Bank USA, N.A. v Corrales (2023 NY Slip Op 06129)

HSBC Bank USA, N.A. v Corrales

2023 NY Slip Op 06129

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2018-10928 ON MOTION
 (Index No. 704688/16)

[*1]HSBC Bank USA, N.A., appellant, 
v
Astrid Corrales, respondent, et al., defendants. DECISION & ORDER Motion by the respondent for leave to renew an appeal from an order of the Supreme Court, Queens County, entered July 3, 2018, which was determined by decision and order of this Court dated May 26, 2021. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is granted, and, upon renewal, the decision and order of this Court dated May 26, 2021 (HSBC Bank USA, N.A. v Corrales, 194 AD3d 1023), is recalled and vacated, and the following decision and order is substituted therefor:

McGlinchey Stafford PLLC, New York, NY (Matthew J. Gordon and Margaret Cascino of counsel), for appellant.
Gomberg Legal P.C., New York, NY (Stanislav Gomberg of counsel), for respondent.
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Martin J. Schulman, J.), entered July 3, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Astrid Corrales which was for leave to reargue that branch of her prior motion which was pursuant to CPLR 3025(b) for leave to amend her answer to assert the statute of limitations as a defense, which had been denied in an order of the same court entered December 20, 2017, and, upon reargument, in effect, vacated that portion of the order entered December 20, 2017, and thereupon, granted that branch of the prior motion.
ORDERED that the order entered July 3, 2018, is affirmed insofar as appealed from, with costs.
On May 12, 2009, the plaintiff's predecessor in interest, HSBC Mortgage Corporation (USA) (hereinafter HSBC Mortgage), commenced an action (hereinafter the 2009 action) to foreclose a consolidated mortgage given by the defendant Astrid Corrales (hereinafter the defendant). In November 2009, HSBC Mortgage obtained a judgment of foreclosure and sale in its favor. In 2014, the judgment of foreclosure and sale was vacated, and the action discontinued.
On April 20, 2016, the plaintiff commenced this action to foreclose the consolidated mortgage. The defendant served an answer to the amended complaint. The defendant subsequently moved to dismiss the amended complaint insofar as asserted against her, or, in the alternative, for leave to amend her answer to assert the statute of limitations as a defense. The defendant argued that [*2]this action was time-barred because the mortgage debt had been accelerated on May 12, 2009, when HSBC Mortgage commenced the 2009 action. In an order entered December 20, 2017, the Supreme Court denied the defendant's motion. The defendant moved, inter alia, for leave to reargue that branch of her prior motion which was for leave to amend her answer. In an order entered July 3, 2018, the court, among other things, granted the defendant leave to reargue and, upon reargument, granted the defendant leave to amend her answer to assert the statute of limitations as a defense. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting the defendant leave to reargue that branch of her prior motion which was pursuant to CPLR 3025(b) for leave to amend her answer (see R. Vig Props., LLC v Cohen, 153 AD3d 565, 566), and, upon reargument, for leave to amend her answer to assert the statute of limitations as a defense. "In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading 'are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Myung Hwa Jang v Mang, 164 AD3d 803, 804, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "The [decision] to permit or deny amendment is committed to the sound discretion of the trial court" (US Bank N.A. v Murillo, 171 AD3d 984, 986; see CPLR 3025[b]; Murray v City of New York, 43 NY2d 400, 405).
In the instant case, the plaintiff failed to establish prejudice or surprise, or that the defense of the statute of limitations was palpably insufficient or patently devoid of merit (see e.g. CPLR 203[h]; 3217[e]; Foreclosure Abuse Prevention Act, L 2022, ch 821).
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., BARROS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court