US Bank N.A.. v 927 E. 86th Residence Corp. (2025 NY Slip Op 03755)

US Bank N.A.. v 927 E. 86th Residence Corp.

2025 NY Slip Op 03755

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-04682
 (Index No. 714497/16)

[*1]US Bank National Association, etc., respondent, Noemi Tario, et al., defendants,
v 927 East 86th Residence Corp., appellant.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Joseph A. Jacobson of counsel), for appellant.
Friedman Vartollo LLP, New York, NY (Zachary Gold and Ronald P. LaBeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant 927 East 86th Residence Corp. appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Karina E. Alomar, J.), entered June 22, 2023. The order and judgment of foreclosure and sale granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is modified, on the law, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was to confirm so much of the referee's report as computed the amount due to the plaintiff, and substituting therefor a provision denying that branch of the motion and (2) by deleting the provision thereof confirming so much of the referee's report as computed the amount due to the plaintiff; as so modified, the order and judgment of foreclosure is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a recalculation of the amount due to the plaintiff in accordance herewith, and the entry of an appropriate amended judgment thereafter.
On December 21, 2005, Noemi Tario (hereinafter the borrower) executed a note in the amount of $328,000 in favor of Countrywide Bank, N.A. (hereinafter Countrywide). The note was secured by a mortgage on certain real property located in Queens (hereinafter the premises). In 2014, the borrower conveyed the premises to the defendant 927 East 86th Residence Corp. (hereinafter the defendant).
On December 6, 2016, Christiana Trust commenced the instant action to foreclose the mortgage against the borrower and the defendant, among others. The defendant interposed an answer dated January 12, 2017.
In an order dated September 10, 2019, the Supreme Court, inter alia, granted those branches of Christiana Trust's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, struck the defendant's affirmative defenses, appointed a referee to compute the amount due on the note, and amended the caption to [*2]substitute the plaintiff for Christiana Trust.
On September 21, 2022, the plaintiff served on the defendant a notice of computation with the same date. Included therewith was, among other things, a proposed referee's oath and report of Elizabeth Gill (hereinafter the updated referee's report), which was unsigned, stating that as of September 23, 2022, $615,979.90 was due on the note, as well as an affidavit of Anthony Younger, an assistant secretary of Rushmore Loan Management Services, LLC (hereinafter Rushmore), attorney-in-fact for the plaintiff. Younger stated that he was familiar with the records and record-keeping practices of Rushmore and that the records of prior servicers had been incorporated into Rushmore's records and relied upon by Rushmore in the regular course of business. Younger stated that, based on his review of those business records, a total of $615,979.90 was due on the note through September 23, 2022, and attached the business records upon which he relied.
On November 2, 2022, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The notice of motion stated that the plaintiff sought to confirm the "Oath and Report of Elizabeth Gill, Esq., dated October 24, 2022." However, in support of the motion, the plaintiff submitted a prior report of the referee dated March 24, 2020, wherein the referee concluded that a total of $563,567.47 was due on the note as of January 1, 2020. The referee stated that she reviewed the "Affidavit of Merit and Amounts Due executed by Naomi Booker, a Foreclosure Specialist of Fay Servicing, LLC, attorney-in-fact for the named Plaintiff." The plaintiff also submitted in support of the motion Younger's affidavit and a copy of the unsigned updated referee's report, based on Younger's affidavit, which stated that a total of $615,979.90 was due on the note as of September 23, 2022, both of which had been included with the notice of computation served on the defendant on September 21, 2022.
The defendant opposed the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, arguing, among other things, that it should be denied, as it sought to confirm a referee's report dated October 24, 2022, but the plaintiff submitted the prior report of the referee dated March 24, 2020.
In reply, the plaintiff submitted a signed copy of the updated referee's report dated October 24, 2022. The referee concluded that as of September 23, 2022, a total of $615,979.90 was due on the note. The referee stated that she relied on the "Affidavit of Merit and Amounts Due, executed by Anthony Younger, Assistant Secretary of Rushmore Loan Management Services, LLC, attorney-in-fact for the named Plaintiff." The plaintiff also resubmitted Younger's affidavit, as well as the business records relied upon by Younger. The plaintiff stated that it inadvertently submitted the prior report of the referee with its initial moving papers, as opposed to the updated referee's report, and requested that the Supreme Court "disregard the error as a mere irregularity pursuant to CPLR 2001 that should not result in denial of the application for this reason alone."
In an order and judgment of foreclosure and sale entered June 22, 2023, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the premises. The defendant appeals.
The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058, 1059). The referee's findings and recommendations are advisory only and have no binding effect on the court, which remains the ultimate arbiter of the dispute (see Excel Capital Group Corp. v 225 Ross St. Realty, Inc., 165 AD3d 1233, 1236-1237).
Here, the plaintiff neglected to attach a signed copy of the updated referee's report dated October 24, 2022—the report its notice of motion stated it was seeking to confirm—to its initial moving papers. The defendant is correct that it was improper for the plaintiff to submit the updated referee's report for the first time in its reply papers (see J.P. Morgan Mtge. Acquisition [*3]Corp. v Tamaklo, 221 AD3d 873, 874).
However, under the circumstances of this case, the Supreme Court providently exercised its discretion in overlooking this procedural defect (see id. at 875). Although the plaintiff's initial moving papers failed to include a signed copy of the updated referee's report, which found that $615,979.80 was due on the note, the plaintiff did attach an unsigned copy of the report, as well as Younger's affidavit, along with the business records relied upon by Younger, which demonstrated that $615,979.80 was due on the note. Thus, in the interest of judicial economy, the court properly overlooked this procedural defect (see id.). Moreover, contrary to the defendant's contention, the updated referee's report was substantially supported by the record (see U.S. Bank N.A v Mahram, 230 AD3d 1265, 1266).
Contrary to the defendant's contention, the referee was not required to hold a hearing (see CPLR 4313). The defendant was served with the updated referee's report and was afforded the opportunity to serve objections thereto. The defendant was advised that the referee would compute the amount due to the plaintiff on submission if the defendant failed to serve objections. The defendant did not request a hearing at that time or serve objections to the updated referee's report (see U.S. Bank N.A. v Mahram, 230 AD3d at 1266; Bank of Am., N.A. v Barton, 199 AD3d 625, 627). Moreover, the defendant's argument that it was prejudiced by the referee's failure to hold a hearing is without merit. "Where, as here, a defendant had an opportunity to raise questions and submit evidence directly to the Supreme Court, which evidence could be considered by the court in determining whether to confirm the referee's report, the defendant is not prejudiced by any error in failing to hold a hearing" (Bank of N.Y. Mellon v Viola, 181 AD3d 767, 770; see U.S. Bank, N.A. v Mays, 221 AD3d 934, 935).
Also contrary to the defendant's contention, the referee did not exceed her authority pursuant to the order appointing her to compute the amount due on the note by issuing the updated referee's report, as that order had directed her to "to ascertain and compute the amount due" on the note (see CPLR 4311; see generally NYCTL 2012-A Trust v 1698 Lex Corp., 169 AD3d 577, 578).
However, in computing the amount due, the referee included installment payments that became due as of February 1, 2009, the date of default, notwithstanding that the plaintiff's recovery is limited to installment payments that became due within six years prior to the commencement of the action on December 6, 2016 (see U.S. Bank N.A. v Singer, 192 AD3d 1182, 1186-1187). The referee should not have included in the calculation of the amount due to the plaintiff on the note installment payments that became due prior to December 6, 2010. Accordingly, we remit the matter to the Supreme Court, Queens County, for a recalculation of the amount due to the plaintiff on the note, so as to exclude installment payments that became due before December 6, 2010, and for entry of an amended judgment thereafter.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court