Greenpoint Mtge. Funding, Inc. v McFarlane

2026 NY Slip Op 01945

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Greenpoint Mortgage Funding, Inc., respondent,

v

Pete A. McFarlane, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-07101, 2024-01025, (Index No. 32179/07)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Charles Wallshein, Melville, NY, for appellant.

Hinshaw & Culbertson LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Pete A. McFarlane appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated May 24, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered June 2, 2023. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied the application of the defendant Pete A. McFarlane to toll the accrual of interest on the subject note from November 1, 2011, to September 13, 2022. The order and judgment of foreclosure and sale, insofar as appealed from, granted the same relief to the plaintiff, confirmed the referee's report, awarded the plaintiff interest on the note running from May 1, 2007, and directed the sale of the subject property.

ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,

ORDERED that the order and judgment of foreclosure and sale is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff interest on the note from November 1, 2011, to September 13, 2022, and substituting therefor a provision tolling the accrual of interest on the note from November 1, 2011, to September 13, 2022; as so modified, the order and judgment of foreclosure and sale is affirmed insofar as appealed from, without costs or disbursements, the application of the defendant Pete A. McFarlane to toll the accrual of interest on the note from November 1, 2011, to September 13, 2022, is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination of the amount of accrued interest in accordance herewith and the entry of an appropriate amended judgment of foreclosure and sale thereafter.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).

In December 2004, the defendant Pete A. McFarlane (hereinafter the defendant) [*2]executed a note in the amount of $700,000 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Suffolk County.

In October 2007, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. In an order dated November 1, 2011, the Supreme Court directed dismissal of the complaint. In an order dated January 31, 2018, the court granted the plaintiff's motion to restore the action to the active calendar and directed the plaintiff to move for an order of reference within 90 days.

In September 2022, the plaintiff moved, among other things, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated October 17, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion.

In January 2023, the plaintiff moved, among other things, to confirm a referee's report and for a judgment of foreclosure and sale. In support of its motion, the plaintiff submitted the referee's report, which computed the amount owed by the defendant as of July 15, 2022. The referee's report was based on an affidavit of Felix Rodriguez, an employee of PHH Mortgage Corporation (hereinafter PHH), the loan servicer for the plaintiff's assignee, who attested that he was familiar with PHH's records and record-keeping practices. Rodriguez attached certain records to his affidavit that included the defendant's name, the address of the property, and the total amount required to payoff the note as of July 15, 2022.

The defendant opposed the plaintiff's motion and argued that the accrual of interest on the note should be tolled from November 1, 2011, to September 13, 2022, due to the plaintiff's delay in moving for a judgment of foreclosure and sale. The defendant argued that the "[p]laintiff did not move for an order of reference until September 13, 2022," which was not within the 90 days directed by the Supreme Court in the January 31, 2018 order.

In an order dated May 24, 2023, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's application to toll the accrual of interest on the note from November 1, 2011, to September 13, 2022. In an order and judgment of foreclosure and sale entered June 2, 2023, the court, among other things, granted the same relief to the plaintiff, confirmed the referee's report, awarded the plaintiff interest on the note running from May 1, 2007, and directed the sale of the property. The defendant appeals.

Here, the Supreme Court properly confirmed the referee's report. The report of a referee should be confirmed whenever the findings are substantially supported by the record and the referee has clearly defined the issues and resolved matters of credibility (see Pennymac Corp. v Pryce, 211 AD3d 1029, 1030; Matter of Cincotta, 139 AD3d 1058). Contrary to the defendant's contention, "[t]here is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see U.S. Bank N.A. v Goldberg, 171 AD3d 981, 982). Here, the plaintiff submitted an admissible business record demonstrating the amount owed by the defendant as of July 15, 2022. The defendant's remaining contention regarding the admissibility of Rodriguez's affidavit and the attached business records is improperly raised for the first time on appeal (see MTGLQ Invs., L.P. v Tupper, 228 AD3d 753, 754).

However, the Supreme Court should have granted the defendant's application to toll the accrual of interest on the note from November 1, 2011, to September 13, 2022. "'A foreclosure action is equitable in nature and triggers the equitable powers of the court'" (Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393-1394, quoting Rajic v Faust, 165 AD3d 716, 717). "'Once equity is invoked, the court's power is as broad as equity and justice require'" (U.S. Bank N.A. v Losner, 145 AD3d 935, 938, quoting Norstar Bank v Morabito, 201 AD2d 545, 546; see Rajic v Faust, 165 AD3d at 718). "'In an action of an equitable nature, the recovery of interest is within the court's discretion. The exercise of that discretion will be governed by the particular facts in each case, [*3]including any wrongful conduct by either party'" (Onewest Bank, FSB v Kaur, 172 AD3d at 1394, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862; see CPLR 5001[a]).

Here, the plaintiff failed to explain its six-year delay in moving to restore the action to the active calendar, and further failed to explain its four-year delay in moving for leave to enter a default judgment against the defendant and for an order of reference after the action was restored to the active calendar. Under the circumstances of this case, since the defendant was prejudiced by these unexplained delays, during which time interest had been accruing, the interest on the note should have been tolled from November 1, 2011, to September 13, 2022 (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d at 862).

Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination of the amount of accrued interest in accordance herewith and the entry of an appropriate amended judgment of foreclosure and sale thereafter.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court